**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PIERRE JOHNNY, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.  11-6559 |
| | : | |
| DEPARTMENT OF HOMELAND SECURITY | : | |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT AND YORK COUNTY | : | |
| PRISON, | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>**MEMORANDUM**</u>

**ROBERT F. KELLY, Sr. J.**                                                                 **March  6, 2012**

Presently before the Court is Defendant's Motion to Dismiss Plaintiff, Pierre Johnny's

("Johnny"), Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a

claim upon which relief can be granted, and the Response by Johnny.  For the reasons set forth

below, this Motion will be denied without prejudice and the case will be transferred to the United

States District Court for the Middle District of Pennsylvania.

**I.      BACKGROUND**

Johnny is a detainee of the Department of Homeland Security Immigration and Customs

Enforcement and housed at the York County Prison in York, Pennsylvania.  (Compl. ¶ 3.)  Upon

entering the facility on July 22, 2011, Johnny had various medical devices confiscated.  (<u>Id.</u>)

Johnny suffers back pain from inflammatory muscle spasms.  (<u>Id.</u> at 5)  He uses a back brace for

support and muscle creams to alleviate the pain.  (<u>Id.</u> at 6.)  Johnny claims that the prison

officials have confiscated these items for periods of time.  (<u>Id.</u> at 8-9.)  He alleges that this has

led to extreme pain and difficulty getting out of bed.  (Id. at 8.)  On November 4, 2011, Johnny

filed suit, pursuant to the Federal Tort Claims Act, against the Department of Homeland Security

Immigration and Customs Enforcement and the York County Prison claiming medical

negligence, inadequate medical assistance, harassment and official misconduct.  (Compl. at p. 3.)

## II.   DISCUSSION

Before deciding the Defendants' Motion, we find it necessary to consider whether the

United States District Court for the Eastern District of Pennsylvania is the proper venue.  In a

civil action, venue is proper if it is "within a judicial district in which any defendant resides" or a

"judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred."  28 U.S.C. § 1391(b)(1) & (2).  In this case, neither condition applies.  None of the

Defendants reside in the Eastern District of Pennsylvania.  Furthermore, the events at issue

occurred at the York County Prison in York, Pennsylvania, which is located in the Middle

District of Pennsylvania.

Congress has recognized the hardships of conducting legal proceedings in inconvenient

venues and explicitly empowered the district courts with the power to change venue.  Under 28

U.S.C. § 1404(a), "[F]or the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought or to any district or division to which all parties have consented."  See Kephart v.

U.S., 242 F. Supp. 469, 472 (E.D. Pa. 1965) (Federal Tort Claims Act proceeding in which a

change of venue was ordered to where acts occurred, witnesses were located, interest of justice

was best served and to prevent the waste of time, energy and money).  Additionally, courts are

particularly mindful of the convenience of state officials.  See Glickenhaus v. Lytton Financial

Corp., 205 F. Supp. 102, 106 (D. Del. 1962).  Where the circumstances warrant a change of

venue, courts have utilized the power to transfer venue *sua sponte*.  See Nation of Islam v. Pa.

Dep't of Corr.'s, No. WL 529546, at 2 (W.D. Pa. Feb. 1, 2012) (court transferred venue *sua*

*sponte*); Robinson v. Town of Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) (court's authority

to transfer cases under 28 U.S.C. § 1404(a) does not depend on a motion, stipulation or consent

of the parties).  We find that the United States District Court for the Middle District of

Pennsylvania is the most convenient venue and best serves the interests of justice.  For these

reasons the Defendants' Motion to Dismiss is denied without prejudice and, venue is hereby

transferred to the proper venue, the United States District Court for the Middle District of

Pennsylvania.

An appropriate Order follows.